IRENE PLOUFE, Individually and as Administratrix of the Estate of HOWARD BELANGER, Deceased, Respondent, v. RAMON MERCADO, Appellant.

Third Department, March 15, 1967.

*Francis J. Holloway* and *Warner M. Bouck* for appellant.

*Arthur J. Harvey* (*John J. Cavanaugh* of counsel), for respondent.

REYNOLDS, J. This is an appeal by the Motor Vehicle Accident Indemnification Corporation (MVAIC) from an order of the Supreme Court, Albany County.

Special Term, observing that MVAIC had not made sufficient efforts to locate the defendant Mercado and persuade him to appear for a pretrial examination, denied MVAIC's motion for a protective order, granted respondent's motion for an examination before trial of Mercado and stayed the examination of the respondent by MVAIC until Mercado was produced. Special Term also ordered that the stay was without prejudice to a filing of a note of issue by the respondent. The order, furthermore, required MVAIC to make " prompt, diligent and earnest efforts in good faith " to secure Mercado's presence at the examination before trial. Finally, it was ordered that when the case was reached for trial if it appeared that Mercado was available but had not been produced, respondent could move for relief pursuant to CPLR 3126 " including an order prohibiting the defendant [Mercado] from testifying upon the trial of this action. "

Appellant urges that " the order appealed from requires the performance of the impossible as a condition precedent to an examination before trial of the plaintiff. " We are constrained to agree. The order as presently drawn precludes an examination of the respondent until Mercado is actually produced. We find that this is too great a burden to place on MVAIC which

must, by statute undertake his defense even though the defendant is irresponsible and uncooperative. If MVAIC makes a substantial and diligent effort to produce the defendant, its failure to do so should not deprive it of its right to examine the plaintiff (*Cymbala* v. *Mendez*, N. Y. L. J., Feb. 4, 1966, p. 16, col. 5; *Williams* v. *Lock Cab Corp.*, N. Y. L. J., Jan. 14, 1966, p. 15, col. 4). Here, however, Special Term has found, and we concur in its decision, that MVAIC has not shown sufficient effort to locate and produce Mercado and thus in the exercise of discretion the order properly stayed MVAIC's examination of the respondent but should have conditioned such stay, not solely on the production of Mercado but on either his production or satisfactory proof that MVAIC had diligently tried to produce him to no avail.

In the present posture of this case we find no contravention of rule 2.10 of the Rules for Trial and Special Terms in the Third Judicial Department, such rules allowing the filing of a statement of readiness where preliminary proceedings have not in fact been completed if there has been "a reasonable opportunity to complete such proceedings".

The order should be modified, on the law and the facts and in the exercise of discretion, to provide that MVAIC may examine the respondent either on the production of defendant Mercado or on proof, satisfactory to Special Term, that it has used due diligence to produce him to no avail, and as so modified, affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion per REYNOLDS, J.

Order modified, on the law and the facts and in the exercise of discretion, to provide that MVAIC may examine the respondent either on the production of defendant Mercado or on proof, satisfactory to Special Term, that it has used due diligence to produce him to no avail, and, as so modified, affirmed.